**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400
**Attorneys for Plaintiffs**

| | |
|---|---|
| GILBERT NOBLE, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Georgia Corporation,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br><br>CASE NO.<br><br><br>CLASS ACTION COMPLAINT<br>AND JURY DEMAND |

## CLASS ACTION COMPLAINT

1. Plaintiff, Gilbert Noble ("Noble"), by and through his attorneys, Nagel Rice, LLP, on behalf of himself and all others similarly situated, by way of complaint against Defendant, Porsche Cars North America, a Georgia Corporation ("Porsche"), alleges as follows:

## NATURE OF THE CASE

2. Plaintiff bring this class action complaint on behalf of himself and all other persons who purchased a 1999 Porsche 911 Carrera Coupe ("Porsche 911") for use and/or as a collector and which vehicle had or currently has the defective Porsche 996 water-cooled engine ("Porsche engine").

3. The Porsche 911's are equipped with defectively designed Porsche engines. Due to these defective engines, the Porsche 911's are rendered inoperable. These

1

design defects cause antifreeze to leak into the engine oil through a defective and cracked cylinder. The Porsche engine is water-cooled and when the antifreeze and water solution mix with the engine oil, the damage to the engine is irreparable. These defects are unreasonably dangerous, as they may cause large amounts of smoke to be emitted from the tail pipe as well as severe damage to and ultimate failure of the Porsche engine.

4. By complaints of its customers, Porsche was on notice that the Porsche 911 engines were defective and not fit for their intended purpose of properly and effectively converting gasoline into motion so that the car moves and functions. Porsche actively concealed the existence and nature of said defects from Plaintiff and the Class members at the time of purchase and thereafter. Porsche has not recalled the Porsche 911 to repair the defects, nor has it offered to repair the defects to its customers free of charge, nor has it offered to reimburse Porsche owners, present or past, who incurred costs relating to engine system repairs, replacement and/or associated costs.

5. Porsche refuses to cover costs relating to the defective Porsche engine in vehicles that are out of the 4-year/50,000 mile new car limited warranty and thus Plaintiff must pay all repair costs out-of-pocket.

6. Since the Limited Warranty covers the enumerated items for only 4 years or 50,000 miles and the defect often manifests after this period has lapsed, Porsche has claimed that the warranty on the Porsche engine has expired and Plaintiff and the Class members themselves are responsible for the repair or replacement of the defective Porsche engines.

7. Plaintiff alleges that Porsche is responsible and liable for damages, including but not limited to: the costs of replacing the defective Porsche engines and associated costs, loss of use of the vehicle, significant depreciation in value and resale value of the Porsche 911 vehicles, attorneys' fees and punitive damages.

## VENUE

8. Venue is proper in New Jersey under 28 U.S.C. § 1391 (b) and (c). A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated in New Jersey. Plaintiff is domiciled in New Jersey, purchased the vehicle while residing in New Jersey, had the vehicle serviced in New Jersey and while residing in New Jersey and utilized the vehicle while residing in the New Jersey. Further, Defendant has dealerships in New Jersey, sells vehicles to consumers in New Jersey and thus conducts business with consumers in New Jersey.

## JURISDICTION

9. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. § 1332(d)(2). Plaintiff and Defendant are citizens of different states and the amount in controversy of this class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

## PARTIES

10. Plaintiff, Gilbert Noble, is a resident of Bergen County, New Jersey and resides at 622 Fairview Avenue, #8, Fairview, New Jersey 07022.

11. Defendant, Porsche Cars North America, Inc. is headquartered at 980 Hammond Drive, Suite 1000, Atlanta, Georgia, 30328.

12. Porsche owns and operates numerous dealerships located in New Jersey and throughout the United States.

**FACTS RELATING TO PLAINTIFF AND THE CLASS**

13. Noble purchased his Porsche 911, VIN WPOAA2991XS621244, approximately three years ago from Buy Right Dealership in Union City, New Jersey while a resident of New Jersey.

14. From the time of purchase until October 2006, Noble serviced his vehicle timely and properly.

15. On or about October 2006, Noble learned about the defect with his car's Porsche engine when he started his Porsche 911 and noticed large quantities of smoke being emitting from the tail pipe.

16. In order to determine the nature and extent of this problem with the vehicle's engine, Noble immediately contacted his mechanic, who inspected the car and found antifreeze in the engine oil. Thereafter, Noble's mechanic recommended that he take the Porsche 911 to a Porsche specialist and the vehicle was towed to Protosport, a Porsche specialist in Pompton Plains, New Jersey.

17. At Protosport, the vehicle underwent extensive inspection and diagnosis and it was determined that antifreeze leaked into the engine oil through a defective cylinder. Protosport informed Noble that they had previous experience with this same engine problem and that it was caused by a latent manufacturer's design defect with the 1999 996 Porsche model engine, which was the first year that Porsche switched from an air-cooled to a water-cooled engine.

4

18. Protosport informed Noble that the Porsche engine was damaged beyond repair and that he would have to either buy a used engine or buy a rebuilt crate engine directly from Porsche, to which engine Porsche has corrected the aforesaid design defect.

19. Noble subsequently contacted Porsche Cars of North America ("PCNA") on multiple occasions to report and complain about the defects with the Porsche engine.

20. A regional service manager from PCNA ultimately informed Noble that PCNA would not pay for the replacement of the defective engine and related out-of-pocket expenses because his vehicle was currently more than four years outside of its 4yr/50,000 mile new car limited warranty, and therefore was not eligible for any type of goodwill consideration, as goodwill funds are utilized at PCNA's discretion and are reserved for individuals who have purchased products new from a franchised retail dealership.

21. On information and belief, Porsche, through its dealerships, agents, servants, employees and/or by customers and other members of the public, were put on actual and/or constructive notice of the defective Porsche engines. Porsche knew or should have known that the engines in the Porsche 911's were defective. Further, Porsche did not offer to cover the costs of replacing these defective Porsche engines, claiming that such costs were not covered by the 4yr/50,000 mile limited warranty.

## CLASS ACTION ALLEGATIONS

22. Plaintiff on behalf of himself, and the other members of the Class, repeats and realleges the allegations of paragraphs 1 through 21 hereof as if fully set forth at length herein and further alleges as follows:

23. Plaintiff brings this class action complaint on behalf of himself and all other persons who purchased a 1999 Porsche 911 Carrera Coupe for use and/or as a collector and which vehicle had or currently has the defective Porsche 996 water-cooled engine and have incurred or will incur fees for the service, repair and/or replacement of the defective Porsche engines.

24. The exact number of Class members is unknown at this time and can only be ascertained through appropriate investigation and discovery of Porsche's records. Plaintiff believes that the number of class members is in the thousands, if not in the tens of hundreds of thousands, of individuals.

25. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impractical, and Class members cannot vindicate their rights through individual suits because their damages are small relative to the burden and expense of litigation individual actions.

26. Common questions of law and/or fact for the Class predominate over questions affecting individual members of that Class. Common questions include, but are not limited to: whether defendant breached a legal duty universally owed to the Plaintiff and members of the Class in designing, manufacturing, marketing and/or selling defective Porsche engines and requiring consumers to pay significant

6

service, repair and/or replacement fees and associated costs so that their Porsche 911's would function properly and/or for their ordinary and intended use.

27. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the Class and he has retained counsel competent and experienced in complex class action litigation.

## FIRST COUNT
*(Strict Products Liability – Violation of N.J.S. 2A:58C-1, et seq.)*

28. Plaintiff on behalf of himself and the other members of the Class, repeats and realleges the allegations of paragraphs 1 through 27 hereof as if fully set forth at length herein and further alleges as follows:

29. At all relevant times hereto, Porsche was a manufacturer, pursuant to N.J.S.A. 2A:58C-8, as it was actively engaged in the design, manufacture, and sale of the Porsche 911 Carrera Coupe vehicles, model year 1999. Porsche was also a product seller, pursuant to N.J.S.A. 2A:58C-8, because it marketed, sold, distributed and placed into the stream of commerce, its Porsche 911 Carrera Coupe vehicles, model year 1999, in New Jersey and throughout the United States.

30. The Porsche 911 vehicles, including their Porsche 996 water-cooled engines, that Porsche designed, manufactured and sold were not reasonably fit, suitable or safe for their intended purpose.

31. The Porsche 911 vehicles, including their Porsche 996 water-cooled engines, were designed in a defective manner.

32. As a result of Porsche's defective design, the vehicles' water-cooled engine systems were unreasonably dangerous to Plaintiff and Class members' safety,

7

were, are or will ultimately be rendered inoperable, required or will require servicing and/or replacement, at the expense of Plaintiff and the Class members.

33. At the time Porsche sold the 1999 Porsche 911 Carrera Coupe vehicles, Porsche was aware, or reasonably should have been aware, of the foreseeable risks associated with the use of its vehicles incorporating defective water-cooled engine systems.

34. When the Plaintiff and the Class members bought the Porsche vehicles, they were not aware of their dangerous and defective nature.

35. Porsche 911 owners using and driving said vehicles with the defective water-cooled engine systems were not aware of the dangerous and defective nature of said vehicles.

36. Porsche failed to give adequate warnings, instructions, or recall notices to its customers about the reasonably foreseeable dangers that could result from driving the above mentioned vehicles with defective water-cooled engines, as well as cover the costs of repairing and replacing said engine systems.

37. Due to Porsche's failure to provide adequate warnings, instructions or recall notices about the dangerous and defective nature of the Porsche 911 vehicles, Plaintiff and the Class members have been damaged. Such damages would not have been suffered if Porsche provided adequate warnings, instructions and/or recall notices.

38. Plaintiff and the Class members have suffered damages that were directly and proximately caused by the unreasonably defective and dangerous Porsche 911 vehicles, and have suffered damages because of Defendant's failure to give

8

adequate warnings, instructions or recall notices regarding any reasonably foreseeable problems with the Porsche 911 engine systems that could arise under reasonable foreseeable conditions of use.

39. Due to Porsche's defective design, Plaintiff and the Class members have been, currently are and will be damaged.

40. The Porsche 911 vehicles were not reasonably fit, suitable or safe for its intended or reasonably foreseeable purpose by virtue of design and/or manufacturing defects.

41. Defendant, Porsche Cars North America, Inc., is strictly liable in tort to Plaintiff and the Class members, pursuant to N.J.S. 2A:58C-1, et seq.

## SECOND COUNT
*(Breach of Express Warranty)*

42. Plaintiff on behalf of himself, and the other members of the Class, repeats and realleges the allegations of paragraphs 1 through 41 hereof as if fully set forth at length herein and further alleges as follows:

43. At all relevant times hereto, Porsche was actively engaged in the design, manufacture of the Porsche 911 Carrera Coupe vehicles, model year 1999. At all relevant times hereto, Porsche marketed, sold, distributed and placed into the stream of commerce, its Porsche 911 Carrera Coupe vehicles, model year 1999, in New Jersey and throughout the United States.

44. Porsche has expressly warranted to the public at large, Plaintiff and the Class that the Porsche 911 vehicles were safe for their intended use, properly designed and properly manufactured.

9

45. Despite Porsche's express warranties to Plaintiff, the Class and the public at large, Porsche 911 vehicles were sold to and received by Plaintiff and the Class in a defective state because of their defective Porsche 911 engine systems.

46. Moreover, Porsche failed to warn Plaintiff and the Class that the Porsche 911 vehicles designed, manufactured and/or sold to Plaintiff and the Class that said vehicles contained defective Porsche 911 engines. Plaintiff and the Class were unaware of the existence of said defects upon purchase of the Porsche 911 vehicles.

47. By reason of the foregoing, Defendant, Porsche Cars of North America, Inc., breached express warranties made in connection with the manufacture, sale, marketing and/or distribution of Plaintiff's Porsche 911 vehicles, including its Porsche 911 engine, owned by Class Members and Plaintiff, who were beneficiaries of said express warranties.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that the Court enter a judgment against Defendant Porsche Cars North America, Inc. as follows:

A. Declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and for an order certifying this case as a class action;

B. Awarding Plaintiffs damages, both compensatory and punitive;

C. Awarding Plaintiffs the costs and disbursements of this action, including reasonable counsel fees, costs and expenses in amounts to be determined by the Court;

D. Awarding interest and costs of suit;

E. Awarding injunctive relief to Plaintiff and the Class by requiring Porsche to notify present and future owners of the Porsche 911 Carerra Coupe, model year 1999, that said product contains a defective engine; recall the Class vehicles; inspect all Class vehicles currently owned by Plaintiff and the Class to ascertain the nature and extent of the defect; repair or replace all engine related defects; conduct regular inspections of all recalled vehicles; subsequently make repairs to or replace defective engine components as necessary and when discovered after regular inspection; and to do so at Porsche's sole expense; and

F. Granting such other and further relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues that may be tried by jury.

NAGEL RICE, LLP

By: _____
    Bruce H. Nagel

## UNITED STATES DISTRICT COURT

| JS44 | CIVIL COVER SHEET | (Rev. 07/86) |

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.
(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

### 1(a) PLAINTIFFS
Gilbert Noble, individually and on behalf of a class of similarly situated persons, Plaintiffs

(b) Bergen County, New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
Porsche Cars North America, Inc., a Georgia Corporation, Defendants

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (Foreign Corporation)
**Fulton County, Georgia**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Bruce H. Nagel, Esq. (BHN-6765)
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
☐ 1 US Government Plaintiff
☐ 2 US Government Defendant
☐ Federal Question (U.S. Gov't Not a Party)
☒ Diversity* (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)
(Place an X in one box for Plaintiff and one box for Defendant)

| | P | D | | P | D |
|---|---|---|---|---|---|
| Citizen of this State | x | ☐ | Incorporated or Principal Place of Business in this State | ☐ | ☐ |
| Citizen of Another State | ☐ | x | Incorporated & Principal Place of Business in Another State | ☐ | x |
| Citizen/Subject of a Foreign County | ☐ | ☐ | Foreign Nation | ☐ | ☐ |

### IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE) (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 28 U.S.C. § 1332(d)(2); class action

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment and Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (excl. veterans)
☐ 153 Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
X 195 Other Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
*Personal Injury*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

*Personal Injury*
☐ 362 Personal Injury-Med. Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

*Personal Property*
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting

**PRISONER PETITIONS**
☐ 510

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Food & Drug
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regulations
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA(1395ff)
☐ 862 Black Lung(923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSHD Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** X UNDER F.R.C.P. 23 X
DEMAND $ in excess of $75,000 + damages
JURY DEMAND: x Yes  No (Check Yes only if demanded in complaint:

### VII. RELATED CASE(S) (See instructions):

DATE: July 21, 2008    SIGNATURE OF ATTORNEY OF RECORD  s/Bruce H. Nagel (Bruce H. Nagel 6765)