# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GILBERT NOBLE, individually and on behalf of a class of similarly situated persons, | : : : : | |
| Plaintiffs, | : | 2:08-cv-03658-SDW-MCA |
| vs. | : : | |
| PORSCHE CARS NORTH AMERICA, INC., | : : : | |
| Defendants. | : : | |

## BRIEF IN SUPPORT OF PORSCHE CARS NORTH AMERICA, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Joseph Kernen
*joseph.kernen@dlapiper.com*
Matthew A. Goldberg
*matthew.goldberg@dlapiper.com*
Eric M. Henry
*eric.henry@dlapiper.com*
**DLA PIPER LLP (US)**
1814 East Route 70, Suite 301
Cherry Hill, New Jersey  08003-2057
Telephone:  (877) 799-7472

*Of Counsel:*
William F. Kiniry, Jr.
*william.kiniry@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

Attorneys for Defendant
Porsche Cars North America, Inc.

Dated:  March 27, 2009.

Motion Return Date:  April 20, 2009.

**Oral Argument Requested**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
I.    INTRODUCTION ..................................................................................................... 1
II.   STATEMENT OF FACTS ....................................................................................... 2
III.  LEGAL ARGUMENT .............................................................................................. 3
    A.    Legal Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). ............................................................................................................ 3
    B.    Plaintiff's alleged harm is not compensable under the New Jersey Product Liability Act and is precluded by the economic loss doctrine as interpreted by New Jersey courts. ............................................. 4
    C.    Plaintiff's breach of express warranty claim is time-barred and should also be dismissed because it is insufficiently pled. ........................ 9
        1.    Plaintiff's breach of express warranty claim is time-barred ........... 9
        2.    Plaintiff does not plead sufficient facts for his breach of express warranty claim to survive a motion to dismiss. ................ 11
IV.  CONCLUSION ....................................................................................................... 16

## TABLE OF AUTHORITIES

Page

Abraham v. Volkswagen of Am., Inc.,
   795 F.2d 238 (2d Cir. 1986) ....................................................................... 10, 11

Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,
   988 F.2d 1157 (Fed. Cir. 1993) ............................................................................ 1

Alloway v. Gen. Mar. Indus., L.P.,
   149 N.J. 620, 695 A.2d 264 (1997) ................................................................. 5, 6

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ........................................................................................ 4, 13

Canal Elec. Co. v. Westinghouse Elec. Co.,
   973 F.2d 988 (1st Cir. 1992) ............................................................................. 10

Delaney v. Stryker Orthopaedics,
   Civil Action No. 08-03210 (DMC), 2009 U.S. Dist. LEXIS 16865
   (D.N.J. Mar. 5, 2009) .................................................................................. 14, 15

Dewey v. Volkswagen AG,
   558 F. Supp. 2d 505 (D.N.J. 2008) .............................................................. 10, 11

Duquesne Light Co. v. Westinghouse Electric Corp.,
   66 F.3d 604 (3d Cir. 1995) ................................................................................ 10

Goldson v. Carver Boat Corp.,
   309 N.J. Super. 384, 707 A.2d 193 (N.J. Super. Ct. App. Div. 1998) ................ 8

Heisner v. Genzyme Corp.,
   2008 U.S. Dist. LEXIS 60569 (N.D. Ill. Jul. 25, 2008) .................................... 14

Int'l Flavors & Fragrances Inc. v. McCormick & Co., Inc.,
   575 F. Supp. 2d 654 (D.N.J. 2008) ..................................................................... 5

Marrone v. Greer & Polman Constr., Inc.,
   Docket No. A-3651-07T2, 2009 N.J. Super. LEXIS 24 (N.J. Super. Ct. App.
   Div. Feb. 4, 2009) ............................................................................................... 5

## TABLE OF AUTHORITIES
### (continued)

Page

Millman v. Subaru of America, Inc.,
  Civil Action No. 07-4846 (JLL), 2008 U.S. Dist. LEXIS 17257
  (D.N.J. Mar. 6, 2008) ................................................................................... 6, 7, 8

Miree v. DeKalb County, Ga.,
  433 U.S. 25 (1977) ................................................................................................ 3

Morse v. Lower Merion School District,
  132 F.3d 902 (3d Cir. 1997) ................................................................................. 3

Naporano Iron & Metal Co. v. Am. Crane Corp.,
  79 F. Supp. 2d 494 (D.N.J. 2000) ..................................................................... 6, 8

Norvergence, Inc. v. Nortel Networks Limited,
  384 B.R. 315 (D.N.J. Bankr. 2008) ...................................................................... 1

Parker v. Howmedica Osteonics Corp.,
  Civil Action No. 07-02400 (JLL), 2008 U.S. Dist. LEXIS 2570
  (D.N.J. Jan. 14, 2008) ........................................................................... 12, 14, 15

Simmons v. Stryker Corp.,
  Civil Action No. 08-3451 (JAP), 2008 U.S. Dist. LEXIS 93306 (D.N.J. Nov.
  17, 2008) .............................................................................................. 13, 14, 15

Trans Hudson Express v. Nova Bus Co., No 06-4092, 2007 U.S. Dist. LEXIS
  26724 (D.N.J. Apr. 10, 2007) ............................................................................... 8

### STATUTES

N.J. STAT. ANN. § 2A:58C ............................................................................................ 4, 5

N.J. STAT. ANN. § 12A:2-313 ......................................................................................... 12

## I.   INTRODUCTION

Plaintiff's entire putative Class Action Complaint ("the Complaint") against Porsche Cars North America, Inc. ("PCNA") is legally insufficient and should be dismissed with prejudice.  This Motion will explain why, based on the following reasons, dismissal is warranted under a straightforward application of New Jersey law:

- Plaintiff's "Strict Products Liability" cause of action is not viable.  The only claimed "harm" resulting from plaintiff's allegedly defective motor vehicle engine is to the engine itself, which is not a legally compensable injury under either New Jersey's Product Liability Act or the economic loss doctrine as interpreted by New Jersey courts.

- Plaintiff's breach of express warranty claim fails for two reasons.  First, it is time-barred by the 4-year/50,000 mile new car warranty identified in the Complaint.  Second, it is insufficiently pled because plaintiff failed to identify with particularity any affirmation or promise breached by PCNA.

For these reasons, an Order dismissing the Complaint would further one of the fundamental policies of Federal Rule of Civil Procedure 12(b)(6), which "'is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity.'"  Norvergence, Inc. v. Nortel Networks Limited, 384 B.R. 315, 350 (D.N.J. Bankr. 2008) (Gambardella, J.) (quoting Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993) (Newman, J.)).

II.     **STATEMENT OF FACTS**

The Complaint asserts two causes of action against PCNA sounding in "Strict Products Liability" (Count I) and "Breach of Express Warranty" (Count II). See Complaint (Exh. A). These claims arise from an allegedly defective "Porsche 996 water-cooled engine" in a "1999 Porsche 911 Carrera Coupe" that plaintiff purchased used from Buy Right Dealership sometime in 2005.[1] Id. at ¶¶ 2, 13. Specifically, plaintiff claims that his vehicle's engine contains a "latent manufacturer's design defect" that permitted antifreeze to leak into the engine oil through a defective cylinder. Id. at ¶ 17. According to plaintiff, the alleged defect rendered the vehicle "damaged beyond repair." Id. at ¶ 18. Notably, plaintiff does not claim that the alleged defect caused an injury to his person or damage to property beyond the vehicle itself.

Plaintiff avers that he "learned about the defect" in October 2006 when "large quantities of smoke" began emitting from his vehicle's tailpipe. Id. at ¶ 15. After having the vehicle inspected by his mechanic and then Protosport, a "Porsche specialist" in Pompton Plains, New Jersey, plaintiff allegedly contacted PCNA to "report and complain about the defects with" his vehicle's engine. Id. at ¶¶ 16, 17, 19. Plaintiff claims that a PCNA regional service manager informed him that

---

[1] Buy Right is a used car dealership located in Union City and North Bergen, New Jersey. See www.buyrightusedcars.com. Plaintiff allegedly purchased the subject vehicle from Buy Right's Union City location. Id. at ¶ 13.

2

PCNA would not pay for a replacement engine and "related out-of-pocket expenses" because his vehicle was "more than four years outside of its 4yr/50,000 mile new car limited warranty[.]" Id. at ¶ 20.

As a result of PCNA's refusal to replace his vehicle's engine, plaintiff commenced this action by filing a Complaint on July 22, 2008. On February 18, 2009, he perfected service upon PCNA.[2]

## III.   LEGAL ARGUMENT

### A.   Legal Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

In resolving a 12(b)(6) motion, the Court must accept as true all of the well-pled allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977) (Rehnquist, J.); Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) (Scirica, J). A motion to dismiss for failure to state a claim should be granted, however, if it appears to a certainty that no relief could be granted under any set of facts established by plaintiff. Id. The court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding the motion to dismiss. Morse, 132 F.3d at 906.

---

[2]   By Order dated March 10, 2009, Magistrate Judge Arleo afforded PCNA until April 9, 2009 to answer, move or otherwise reply to the Complaint. See Docket Entry No. 8.

3

Moreover, the Supreme Court of the United States recently explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Souter, J.) (internal citation omitted).

### B. Plaintiff's alleged harm is not compensable under the New Jersey Product Liability Act and is precluded by the economic loss doctrine as interpreted by New Jersey courts.

Plaintiff's "Strict Products Liability" cause of action, brought pursuant to the New Jersey Product Liability Act ("PLA" or "Act"), is barred by the plain language of the Act and a straightforward application of the economic loss doctrine.  A product manufacturer is liable under the PLA only if:

> the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J. STAT. ANN. § 2A:58C-2 (2009).  The New Jersey Legislature defined actionable "harm" under the PLA as:

4

> (a) physical damage to property, <u>other than to the product itself</u>; (b) personal physical illness, injury or death; (c) pain and suffering, mental anguish or emotional harm; and (d) any loss of consortium or services or other loss deriving from any type of harm described in subparagraphs (a) through (c) of this paragraph.

N.J. STAT. ANN. § 2A:58C-1(b)(2) (2009) (emphasis added). As interpreted by New Jersey courts, the bar on recovery in actions where the only harm is "to the product itself" includes situations where an allegedly defective component part causes damage to the final product. See Marrone v. Greer & Polman Constr., Inc., Docket No. A-3651-07T2, 2009 N.J. Super. LEXIS 24, *25-*26 (N.J. Super. Ct. App. Div. Feb. 4, 2009) (Reisner, J.) (approved for publication) (explaining that a plaintiff may not sustain a PLA action by attempting to break a product down conceptually into its component parts and suing in strict liability for defects in components that caused damage to the final product); see also Int'l Flavors & Fragrances Inc. v. McCormick & Co., Inc., 575 F. Supp. 2d 654 (D.N.J. 2008) (Hochberg, J.) (same).

New Jersey's adherence to the economic loss doctrine is consistent with the PLA's limitation on recovery in instances where the only "harm" is to the product itself.[3] See Alloway v. Gen. Mar. Indus., L.P., 149 N.J. 620, 695 A.2d 264 (1997) (Pollack, J.). The economic loss doctrine is based on the principle that tort actions

---

[3] Because Count I is specifically based on the PLA, the Act's unambiguous definition of the term "harm" bars plaintiff's claim as a matter of law and a

5

are more appropriate to resolve claims for personal injuries, while contract principles "more readily respond to claims for economic loss caused by damage to the product itself." Alloway, 149 N.J. at 627, 695 A.2d at 267-68.

In this case, plaintiff's Strict Products Liability cause of action fails as a matter of law whether analyzed under the PLA or the economic loss doctrine because the only "harm" allegedly caused by the purportedly defective engine in plaintiff's vehicle was to the engine itself. See Exh. A at ¶ 18 ("Protosport informed Noble that the Porsche engine was damaged beyond repair and that he would have to either buy a used engine or buy a rebuilt crate engine directly from Porsche[.]"). Indeed, issues related to the cost and repair of plaintiff's engine are purely economic in nature, and therefore, unsuitable for disposition under product liability/tort principles. See Alloway, 149 N.J. at 627-28, 695 A.2d 267-68.

To illustrate, this Court recently applied the economic loss doctrine to dismiss tort claims with prejudice where the only harm alleged was to the product itself. See Millman v. Subaru of America, Inc., Civil Action No. 07-4846 (JLL),

---

discussion of the economic loss doctrine is unnecessary. However, PCNA recognizes that the Supreme Court of New Jersey has stated that "the Legislature did not intend to codify in the [PLA] all common-law remedies" related to product liability. Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 499 (D.N.J. 2000) (Greenway, J.) (citation omitted). Therefore, PCNA includes a discussion of the economic loss doctrine here to demonstrate that granting plaintiff leave to amend would be futile because a common-law product liability claim, based the damages alleged here, would be also barred as a matter of law by the economic loss doctrine.

2008 U.S. Dist. LEXIS 17257 (D.N.J. Mar. 6, 2008) (Linares, J.). In <u>Millman</u>, plaintiff purchased a 2002 Subaru Impreza WRX automobile that was manufactured and designed by Subaru. <u>Id.</u> at *2. After detecting a "fuel odor in the passenger compartment," plaintiff brought the vehicle in for service and paid $750.00 to repair an apparent fuel leak that "'may pose the risk [for] a fire and/or explosion.'" <u>Id.</u> at *3. After Subaru refused to compensate plaintiff for the repair, he commenced a putative class action against the company in this Court sounding in negligent design, negligent manufacture and fraud, arising from the "'design and/or manufacturing defect resulting in the odor of gasoline in the passenger compartment.'" <u>Id.</u> at *3-*4.

Upon Subaru's Motion, this Court dismissed plaintiff's negligent design and manufacture claims with prejudice pursuant to Rule 12(b)(6).[4] <u>Id.</u> at *13-*14. Finding these claims were barred by the economic loss doctrine, this Court explained:

> The economic loss doctrine bars tort claims for harm sustained only to the product alone because '[w]hen the harm suffered is to the product itself, unaccompanied by personal injury or property damage, . . . principles of contract, rather than of tort law, [are] better suited to resolve the purchaser's claim.' Here, Plaintiff alleges damage only to the Imprezas--and no other property. Furthermore, those people who may have sustained personal injuries from the alleged fuel leak are

---

[4] The Court also ordered plaintiff to plead a "more definite statement" with respect to his fraud claim pursuant to Rule 12(e). <u>Id.</u> at *13-*14.

7

> specifically excluded from the class at issue here. The economic loss doctrine then seemingly forecloses Plaintiff's tort remedies for said harm.

Id. at *8-*9 (internal citations omitted).

In dismissing these claims, the Court also rejected plaintiff's argument that "his claims may proceed due to the grave possibility of harm to persons or other property caused by the fuel leak[.]" Id. at *10. The Court found that plaintiff, through this argument, was attempting to assert a "sudden and calamitous" exception to the economic loss doctrine. Id. However, the Court explained that New Jersey law contains no such exception and concluded that plaintiff's claims were more appropriately remedied under contract, and not tort, law. Id. at *10-*11 (relying upon Trans Hudson Express v. Nova Bus Co., No 06-4092, 2007 U.S. Dist. LEXIS 26724 (D.N.J. Apr. 10, 2007) (Linares, J.); Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494 (D.N.J. 2000) (Greenway, J.); Goldson v. Carver Boat Corp., 309 N.J. Super. 384, 707 A.2d 193 (N.J. Super. Ct. App. Div. 1998) (Baime, J.)).

The result here should mirror that in Millman because the only harm claimed by plaintiff is damage to his vehicle's engine -- i.e., the product itself. Accordingly, plaintiff's Strict Products Liability cause of action fails under the plain language of the PLA and a straightforward application of the economic loss doctrine.

## C. Plaintiff's breach of express warranty claim is time-barred and should also be dismissed because it is insufficiently pled.

Plaintiff's breach of express warranty claim is time-barred by the 4-year/50,000 mile new car warranty identified in the Complaint, and as a result, should be dismissed with prejudice. Alternatively, even assuming that the claim were not time-barred (and it is), plaintiff's speculative breach of express warranty claim should still be dismissed because he does not sufficiently identify any affirmation or promise allegedly breached by PCNA.

### 1. Plaintiff's breach of express warranty claim is time-barred.

Although he does not attach a writing to his Complaint that purports to be an express warranty made by PCNA, plaintiff complains that PCNA "refuses to cover costs relating to the defective Porsche engine in vehicles that are out of the 4-year/50,000 mile new car limited warranty and thus Plaintiff must pay all repair costs out-of-pocket." See Exh. A at ¶ 5. Significantly, plaintiff does not dispute that a 4-year/50,000 mile new car warranty was provided with the subject vehicle when it was sold to its original owner. Nor does plaintiff dispute that: (1) his discovery of a "latent manufacturer's design defect;" (2) his complaints and reports to PCNA about the alleged defect; and (3) PCNA's subsequent refusal to provide a replacement engine all occurred after the applicable warranty period had expired. Id. at ¶¶ 17, 19, 20. Accordingly, plaintiff's breach of express warranty claim is

9

time-barred and should be dismissed with prejudice because any claimed breach is beyond the temporal scope of the limited warranty period.

This result is entirely consistent with the United States Court of Appeals for the Third Circuit's pronouncement of the following "general rule" applicable to breach of express warranty claims: "an express warranty does not cover repairs made after the applicable time . . . has elapsed. Thus, 'latent defects' discovered after the term of the warranty are not actionable." Duquesne Light Co. v. Westinghouse Electric Corp., 66 F.3d 604, 616 (3d Cir. 1995) (Greenberg, J.) (quoting Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 250 (2d Cir. 1986) (Winter, J.); see also Canal Elec. Co. v. Westinghouse Elec. Co., 973 F.2d 988, 993 (1st Cir. 1992) (Breyer, C.J.) ("[C]ase law almost uniformly holds that time-limited warranties do not protect buyers against hidden defects -- defects that may exist before, but typically are not discovered until after, the expiration of the warranty period.")

This Court has also applied this "general rule" to dismiss time-barred breach of express warranty claims. See, e.g., Dewey v. Volkswagen AG, 558 F. Supp. 2d 505 (D.N.J. 2008) (Hochberg, J.). Quoting the United States Court of Appeals for the Second Circuit, this Court recognized that:

> 'virtually all product failures discovered in automobiles after expiration of the warranty can be attributed to a 'latent defect' that existed at the time of sale or during the term of the warranty. All parts will wear out sooner

> or later and thus have a limited effective life. Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. Such knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to 'know' that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such 'knowledge' would render meaningless time/mileage limitations in warranty coverage.'

Id. at 520 (quoting Abraham, 795 F.2d at 250).

Accordingly, plaintiff's attempt to characterize the defect in his engine as "latent" is of no moment, and in fact supports PCNA's position under the applicable case law. Therefore, the "general rule" articulated by the Third Circuit should be applied here to bar plaintiff's breach of express warranty claim, which is being brought long after the limited warranty period expired.

> 2. Plaintiff does not plead sufficient facts for his breach of express warranty claim to survive a motion to dismiss.

Even if this Court were to decide that plaintiff's breach of express warranty claim had not expired, this cause of action should still be dismissed because it is founded upon speculation, rather than a sufficient factual foundation.

A breach of express warranty claim is derived from the breach of "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain . . . that the goods shall conform

11

to the affirmation or promise."[5] N.J. STAT. ANN. § 12A:2-313(1)(a) (2009). Here, plaintiff's breach of express warranty claim fails because the Complaint does not sufficiently identify any particular affirmation or promise made, and then allegedly breached, by PCNA.

As explained above, the Complaint notes the existence of a "4-year/50,000 mile new car limited warranty." See Exh. A at ¶ 5. However, plaintiff never identifies any affirmation or promise within the warranty that PCNA allegedly breached. Instead, the Complaint rests upon the vague and conclusory statement that "Porsche has expressly warranted to the public at large, Plaintiff and the Class that the Porsche 911 vehicles were safe for their intended use, properly designed and properly manufactured," without providing the source of this statement or how it was allegedly communicated from PCNA to plaintiff (e.g., whether orally or through a document). See Exh. A at ¶ 44. Simply put, such allegations "are exactly the type of 'bald assertions' that fail to give [PCNA] 'fair notice of what the claim is' and the 'grounds upon which it rests.'" Parker v. Howmedica

---

[5] An express warranty can also be created as follows: "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description" or "[a]ny sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model." N.J. STAT. ANN. § 12A:2-313 (1)(b)(c) (2009).

12

Osteonics Corp., Civil Action No. 07-02400 (JLL), 2008 U.S. Dist. LEXIS 2570, *21 (D.N.J. Jan. 14, 2008) (Linares, J.) (quoting Twombly, 550 U.S. at 555).

This Court recently dismissed a similarly flawed breach of express warranty claim in Simmons v. Stryker Corp., Civil Action No. 08-3451 (JAP), 2008 U.S. Dist. LEXIS 93306 (D.N.J. Nov. 17, 2008) (Pisano, J.). There, plaintiff Sean Simmons brought product liability and breach of express warranty claims against the seller of a "pain pump" that controls the administration of local anesthetics to surgical patients. Id. at *1. In support of his breach of express warranty claim, Mr. Simmons made the following allegations:

> '[t]he Defendants expressly warranted that their pain pump was [a] safe and effective ambulatory drug delivery system' and also warranted the pain pump to be 'fit, safe, and effective and proper' for the purpose for which it was to be used. The complaint further alleges that 'the pain pump . . . did not conform to these express representations because it causes serious injuries to consumers when inserted.' Plaintiff contends that Defendants should have known that these representations were false, that the medical community as well as Plaintiff relied upon these warranties, and that Defendants breached the express warranties because the pain pump was not safe and fit for its intended use.

Id. at *2-*3.

When analyzing these allegations, Judge Pisano agreed with the defendant's assertion that plaintiff failed to plead "sufficient factual allegations about the nature of the express warranty." Id. at *5. The Court likened the case before it to a

prior decision by the United States District Court for the Northern District of Illinois wherein the plaintiff:

> offered nothing more than a formulaic recitation of the elements required to prevail on a claim and has alleged no facts at all that suggest an express warranty existed. Plaintiff has not specified any particular affirmation, promise, description, or sample that formed part of the basis of his bargain with Defendant. He thus fails to put the Defendant on notice as to the substance of his claim.

Id. at *5-*6 (quoting Heisner v. Genzyme Corp., 2008 U.S. Dist. LEXIS 60569, *24-*25 (N.D. Ill. Jul. 25, 2008) (Coar, J.)). In fact, Judge Pisano found the allegations before him to contain less factual detail than the allegations in Heisner, because in that case, the plaintiff "generally identified the source of the warranty," whereas Mr. Simmons identified "no source whatsoever of any alleged warranty." Id. at *6-*7. Therefore, the Court dismissed Mr. Simmons' breach of warranty claim. Id.; see Delaney v. Stryker Orthopaedics, Civil Action No. 08-03210 (DMC), 2009 U.S. Dist. LEXIS 16865, *13-*16 (D.N.J. Mar. 5, 2009) (Cavanaugh, J.) (dismissing breach of express warranty claim pursuant to Rule 12(b)(6) where plaintiff failed the provide a source of the warranty allegedly breached); see also Parker, 2008 U.S. Dist. LEXIS 2570, at *21 (dismissing breach of express warranty claim in putative class action complaint based on bald assertions and insufficient facts pursuant to Rule 12(b)(6)).

14

As in <u>Simmons</u>, <u>Parker</u>, and <u>Delaney</u>, <u>supra</u>, plaintiff's breach of express warranty claim here is insufficiently pled and should be dismissed. If plaintiff argues that his claim arises from the "4-year/50,000 mile new car limited warranty" identified in the Complaint, it should be dismissed because he does not point to any particular affirmation or promise within the document that PCNA allegedly breached. If plaintiff's breach of warranty claim flows from another source, the same result should follow because plaintiff has failed to identify that source and the actionable language allegedly breached by PCNA. Either way, plaintiff's purported breach of warranty claim lacks a sufficient factual basis and exists only within the realm of speculation, bald assertions and conclusory statements.

## IV. CONCLUSION

For all of the reasons stated above, defendant Porsche Cars North America, Inc. respectfully requests that this Court dismiss the Class Action Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: March 27, 2009.

Respectfully submitted,

_____
Joseph Kernen
*joseph.kernen@dlapiper.com*
Matthew A. Goldberg
*matthew.goldberg@dlapiper.com*
Eric M. Henry
*eric.henry@dlapiper.com*
**DLA Piper LLP (US)**
1814 East Route 70, Suite 301
Cherry Hill, New Jersey 08003-2057
Telephone: (877) 799-7472

Admitted *pro hac vice*:
William F. Kiniry, Jr.
*william.kiniry@dlapiper.com*
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

Attorneys for Defendant
Porsche Cars North America, Inc.