# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GILBERT NOBLE, individually and on behalf of a class of similarly situated persons, | : : : : : : : : : : : : | 2:08-cv-03658-SDW-MCA |
| Plaintiffs, | | |
| vs. | | |
| PORSCHE CARS NORTH AMERICA, INC., | | |
| Defendants. | | |

**REPLY BRIEF IN SUPPORT OF PORSCHE CARS NORTH AMERICA, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE
<u>OF CIVIL PROCEDURE 12(b)(6)</u>**

William F. Kiniry, Jr. (*Pro Hac Vice*)
*william.kiniry@dlapiper.com*
Joseph Kernen
*joseph.kernen@dlapiper.com*
Matthew A. Goldberg
*matthew.goldberg@dlapiper.com*
Eric M. Henry
*eric.henry@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215-656-3300 (Phone)
215-656-3301 (Fax)

Attorneys for Defendant
Porsche Cars North America, Inc.

<u>Dated</u>:  October 19, 2009.
**Oral Argument Requested**

# **TABLE OF CONTENTS**

                                                                  **Page**

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT......................................................................................................2

          A.     New Jersey does not recognize a "sudden and calamitous accident" exception to the economic loss doctrine. ............................2

                 1.     This Court has firmly rejected plaintiff's proposed exception to the economic loss doctrine ....................................2

                 2.     The Appellate Division's Opinion in Green v. General Motors is consistent with this Court's decisions in Naporano and Millman .............................................................5

         B.     Plaintiff's Opposition Brief does not establish that the Amended Complaint sufficiently pleads a viable CFA claim..............9

                 1.     Plaintiff's argument regarding "unlawful conduct" is legally unsupportable ...............................................................9

                 2.     Plaintiff's opposition brief does not establish that he pled or actually suffered an ascertainable loss .................................11

          C.     Plaintiff's argument that he pled a causal connection between unlawful conduct and an ascertainable loss is moot. .........................13

III.   CONCLUSION................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

Alloway v. Gen. Mar. Indus., L.P.,
　　149 N.J. 620, A.2d 264 (1997) ....................................................................6, 7, 8

Consumer Power Co. v. Curtiss-Wright Corp.,
　　780 F.2d 1093 (3d Cir. 1986) ................................................................................4

Duffy v. Samsung Electronics America, Inc.,
　　Civ. No. 06-5259 (DRD), 2007 U.S. Dist. LEXIS 14792
　　(D.N.J. Mar. 2, 2007) ...................................................................................1, 12

East River Steamship Corp. v. Transamerica Delaval Inc.,
　　476 U.S. 858 (1996)............................................................................3, 4, 7, 8

Goldson v. Carver Boat Corp.,
　　309 N.J. Super. 384, 707 A.2d 193 (App. Div. 1998) .................................3, 4, 7

Green v. Gen. Motors Corp.,
　　No. A-2831-01T-5, 2003 WL 21730592 (N.J. Super. Ct. App. Div.
　　Jul. 10, 2003), cert. denied, 178 N.J. 32, A.2d 405 (2003) ..................5, 6, 7, 8, 9

Jacobson v. Ford Motor Co.,
　　No. 98 C 742, 1999 U.S. Dist. LEXIS 16213, *17
　　(N.D. Ill. Sept. 30, 1999) ..................................................................................10

Millman v. Subaru of America, Inc.,
　　Civil Action No. 07-4846 (JLL), 2008 U.S. Dist. LEXIS 17257
　　(D.N.J. Mar. 6, 2008)........................................................................2, 3, 5, 9

Naporano Iron & Metal Company v. American Crane Corporation,
　　79 F. Supp. 2d 494 (D.N.J. 2000).......................................................3, 4, 5, 7, 9

Solo v. Bed Bath & Beyond, Inc.,
　　Civil No. 06-1908 (SRC), 2007 U.S. Dist. LEXIS 31088,
　　(D.N.J. Apr. 26, 2007) .......................................................................................11

**Other Authorities**

Fed. R. Civ. P. 9(b) ......................................................................................................11

Fed. R. Civ. P. 12(b)(6)................................................................................................14

## I.   INTRODUCTION

The Amended Complaint should be dismissed with prejudice and without further leave to amend because plaintiff has not, and cannot, articulate any viable legal claim against Porsche Cars North America, Inc. ("PCNA").  Specifically:

- Plaintiff's strict liability claim is barred by a straightforward application of the economic loss doctrine.  Despite plaintiff's argument to the contrary, *no New Jersey court has ever recognized a "sudden and calamitous accident exception" to the economic loss doctrine*.  This conclusion is directly supported by two unambiguous decisions from this Court and by the "only recent New Jersey precedent" that, according to plaintiff, addressed his proposed exception to the economic loss doctrine.  Plaintiff's attempt to have this Court unilaterally change New Jersey law should be rejected and his strict liability claim dismissed.

- Plaintiff has not pled a viable New Jersey Consumer Fraud Act ("CFA") claim against PCNA.  First, his Opposition Brief sets forth a theory of "unlawful conduct" that is simply not supported by New Jersey law and that is not pled in the Amended Complaint.  Second, plaintiff offers no explanation for his failure to plead an ascertainable loss with specific facts and fails to distinguish Duffy v. Samsung, a recent decision from this Court that bars his CFA claim as a matter of New Jersey law.  Third, plaintiff's failure to plead both unlawful conduct and ascertainable loss moots any argument that the Amended Complaint sets forth a causal connection between those two essential elements of a CFA claim.

Simply put, there is not a single point of argument in plaintiff's Opposition Brief that warrants an Order denying PCNA's Motion to Dismiss, and therefore, this case should not survive beyond the pleadings stage.

## II.     ARGUMENT

### A.     New Jersey does not recognize a "sudden and calamitous accident" exception to the economic loss doctrine.

There is no dispute: plaintiff's case is built on pure economic loss. It is thus inappropriate for disposition under New Jersey tort law and barred by the economic loss doctrine. Attempting to salvage his cause of action, plaintiff argues that he can recover in strict liability because New Jersey courts recognize, or should recognize, a "sudden and calamitous accident" exception to the economic loss doctrine. Plaintiff is incorrect.

#### 1.     This Court has firmly rejected plaintiff's proposed exception to the economic loss doctrine.

This Court recently addressed the very question of whether New Jersey courts recognize a sudden and calamitous exception to the economic loss doctrine. See Millman v. Subaru of America, Inc., Civil Action No. 07-4846 (JLL), 2008 U.S. Dist. LEXIS 17257, *11 (D.N.J. Mar. 6, 2008) (Linares, J.). In Millman, plaintiff claimed, *inter alia*, that a design and manufacturing defect in his Subaru Impreza caused it to leak fuel. Id. at *3. Defendant Subaru maintained that plaintiff's product liability claims were barred by the economic loss doctrine because the alleged defect in plaintiff's vehicle caused damage only to the vehicle itself. Id. at *7. Conversely, plaintiff contended "that the economic loss doctrine does not apply to [his] claims because the fuel leakage and resulting gasoline vapors pose a serious risk to persons or property other than the Imprezas." Id.

2

After reviewing the relevant body of New Jersey law, this Court firmly and unequivocally rejected plaintiff's position, holding that: "**New Jersey law contains no 'sudden and calamitous' exception to the economic loss doctrine.**" Id. at *11 (citations omitted) (emphasis added).

The Millman court based its decision, in part, upon Judge Greenaway's decision in Naporano Iron & Metal Company v. American. Crane Corporation, 79 F. Supp. 2d 494 (D.N.J. 1999). In Naporano, this Court squarely addressed whether "in light of the significant . . . developments in New Jersey law and tort law generally . . . the New Jersey Supreme Court would approve a 'sudden and calamitous' exception to the economic loss doctrine." Id. at 502. In arguing against adoption of the "sudden and calamitous" exception, the Naporano defendants relied on the New Jersey Appellate Division's decision in Goldson v. Carver Boat Corp., 309 N.J. Super. 384, 707 A.2d 193 (App. Div. 1998) and the United States Supreme Court's decision in East River Steamship Corp. v. Transamerica Delaval Inc., 476 U.S. 858 (1986). Both Goldson and East River rejected, as this Court recognized, the notion that tort liability arises when a product itself is injured in a "sudden and calamitous" manner. Naporano, 79 F. Supp. 2d at 500, 502-3.

In response, the plaintiff in <u>Naporano</u>, like the plaintiff in this case,[1] pointed to the United States Court of Appeals for the Third Circuit's erroneous prediction in <u>Consumers Power Co. v. Curtiss-Wright Corp.</u>, 780 F.2d 1093 (3d Cir. 1986), that "New Jersey would permit tort claims for accidental damage to a defectively repaired engine." <u>Naporano</u>, 79 F. Supp. 2d at 500. In resolving this issue, the <u>Naporano</u> court agreed with the defendants and recognized that two significant developments in the law proved the Third Circuit's prediction in <u>Consumers Power</u> to be incorrect. First, the United States Supreme Court decided <u>East River</u> four months *after* <u>Consumers Power</u> and held that when the defective product alone is damaged, the plaintiff is limited to contractual remedies. <u>Naporano</u>, 79 F. Supp. 2d at 500. Second, the Appellate Division decided <u>Goldson</u> *thirteen years after* <u>Consumers Power</u> and "'applying New Jersey decisional law,' rejected the sudden and calamitous exception [to the economic loss doctrine.]" <u>Naporano</u>, 79 F. Supp. 2d at 502. Therefore, this Court concluded that "**New Jersey law contains no 'sudden and calamitous' exception to the economic loss doctrine.**" <u>Id.</u> at 504.

---

[1] While plaintiff cites <u>Consumers Power</u> on page 14 of his Opposition Brief, he completely ignores this Court's discussion of that case in <u>Naporano</u>.

### 2. The Appellate Division's Opinion in *Green v. General Motors* is consistent with this Court's decisions in *Naporano* and *Millman*.

Plaintiff urges this Court to depart from Millman and Naporano based upon the Superior Court of New Jersey Appellate Division's unpublished decision in Green v. Gen. Motors Corp., No. A-2831-01T-5, 2003 WL 21730592 (N.J. App. Div. Jul. 10, 2003) (per curiam), cert. denied, 178 N.J. 32, 834 A.2d 405 (2003) (attached to PCNA's Motion to Dismiss as Exhibit B). However, Green is not only consistent with this Court's holdings in Millman and Naporano, but Green affirmatively cites Naporano as a correct "forecasting" of New Jersey law. Green, 2003 WL 21730592. at * 5. Simply put, Green requires the dismissal of plaintiff's strict liability claim as a matter of law.

In Green, the Appellate Division affirmed the trial court's dismissal of all counts contained in the plaintiffs' putative class action complaint as a matter of law upon defendant's motion for summary judgment.[2] Id. at *9. Plaintiffs' claims included, *inter alia*, those for negligent design, strict liability for design defect, and negligent failure to warn, which arose out of plaintiffs' discovery of an allegedly defective front seat "single-recliner mechanism" that "render[ed] their cars not

---

[2] Curiously, plaintiff contends that Green is important here because the court "did not dismiss the cause of action for strict liability." See Opposition Brief at p. 5. Plaintiff is mistaken. The Appellate Division affirmed the trial court's dismissal of all claims, including plaintiffs' strict liability claim. Green, 2003 WL 21730592, at *1, *5.

5

reasonably crashworthy in moderate, rear impact auto accidents." Id. at *1. The proposed class included owners of General Motors, Ford and Saturn automobiles manufactured in the 1990 to 2000 time period who had not sustained personal injuries as a result of the defect. Id. Plaintiffs sought damages "not exceeding $5,000 for the cost of repair of that defect." Id.

Before analyzing the trial court's dismissal of plaintiffs' claims, the Appellate Division phrased the pertinent issue and the court's holding as follows:

> This appeal raises the issue of whether precedent and public policy permit compensation to be awarded to a purported class of plaintiffs claiming a latent design defect in an automobile that met all governmental specifications at the time of its manufacture and performed as warranted throughout the warranty period and thereafter. We hold that neither supports compensation for this form of hypothetical injury, and therefore affirm the trial court's order of summary judgment.

Id. at *2.

Turning to plaintiff's tort-based claims, the Appellate Division expressed its agreement with the trial court's conclusion that "plaintiffs have failed to set forth a cause of action sounding in tort because their purported losses are wholly economic in nature." Id. at *3. As plaintiff attempts to do in this case, the Green plaintiffs attempted to "seize" on a question left open by the Supreme Court of New Jersey in Alloway v. Gen. Mar. Indus., L.P., 149 N.J. 620, 695 A.2d 264 (1997) (Pollack, J.). Specifically, "'whether the U.C.C. or tort law should apply

6

'when a defective product poses a serious risk to other property or persons, but has caused only economic loss to the product itself.'" Id. at *3 (quoting Alloway, 149 N.J. at 638, 695 A.2d at 273). However, the Green court found nothing in Alloway or any other New Jersey case that would allow recovery where a plaintiff's tort action was founded solely upon economic loss. Green, 2003 WL 21730592 at *3. The court further based its conclusion on the following three points adopted from Alloway.

First, the Appellate Division reasoned that the exception advocated by the Green plaintiffs (and the plaintiff here) would be too difficult to implement. Id. at *4. The Supreme Court of the United States reached the same conclusion in East River Steamship Corp. v. Transamerica Delaval Inc., 476 U.S. 858 (1986), a decision that the Supreme Court of New Jersey relied upon in Alloway, and which this Court relied upon in Naporano.[3]   See Green, 2003 WL 21730592 at *4. Specifically, the Green court quoted the following language from East River wherein the Supreme Court of the United States opined that:

> The intermediate positions, which essentially turn on the degree of risk, are too indeterminate to enable manufacturers easily to structure their business behavior. Nor do we find persuasive a distinction that rests on the manner in which the product is injured. We realize that

---

[3] The Green court also followed the general holding of Goldson v. Carver Boat Corp., 309 N.J. Super. 384, 707 A.2d 193 (App. Div. 1998), which was also cited as a basis for this Court's decision in Naporano. See Green, 2003 WL 21730592 at *4.

7

>the damage may be qualitative, occurring through gradual deterioration or internal breakage. Or it may be calamitous.... But either way, since by definition no person or other property is damaged, the resulting loss is purely economic. Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain – traditionally the core concern of contract law.

Id. (quoting East River, 476 U.S. at 871).

Second, the Green and Alloway courts both explained that the authors of the Restatement (Third) of Torts have distinguished between products rendered "ineffectual" by defects versus products rendered "unreasonably dangerous" because of their defects. Green, 2003 WL 21730592 at *4. While the authors noted that "a 'plausible argument' could be made that tort law applied to claims of economic loss" caused by products in the "unreasonably dangerous" category, "a majority of courts had concluded that the U.C.C.'s remedies were nonetheless adequate even in such circumstances." Id.

Third, the Green court noted that in the "six [now twelve] years since Alloway, the [Supreme Court of New Jersey] has not sought to implement the potential exception recognized in that decision or to expand the scope of tort law in any other respect in connection with claims of pure economic loss." Id. at *5. Indeed, subsequent history also shows that the Supreme Court of New Jersey

8

declined review of the Appellate Division's holding in Green. See Green, 178 N.J. 32, 834 A.2d 405 (2003)

In sum, the Green court's reasoning applies with equal force here, is entirely consistent with prior holdings by this Court (i.e., Millman and Naporano) and bars plaintiff's strict liability claim as a matter of law.[4]

### B. Plaintiff's Opposition Brief does not establish that the Amended Complaint sufficiently pleads a viable CFA claim.

Even when read "realistically" and "sensibly," as plaintiff suggests, the Amended Complaint does not sufficiently plead that PCNA violated New Jersey's CFA.

#### 1. Plaintiff's argument regarding "unlawful conduct" is legally unsupportable.

Plaintiff's argument regarding "unlawful conduct" has no support under New Jersey law. He first states, in a generic, conclusory and factually non-specific fashion, that PCNA knew about the purported "defect" in the subject engines through "Complaints by consumers and dealerships, agents, servants and employees." See Opposition Brief at p. 19. Plaintiff then complains that a

---

[4] Plaintiff's Opposition Brief also makes an impassioned plea that the peculiar nature of automobiles warrants adoption of a sudden and calamitous accident exception to the economic loss doctrine. See Opposition Brief at p. 8. PCNA notes only that a federal district court is not the appropriate forum for this argument. If plaintiff endeavors to change New Jersey law, his efforts are more appropriately directed to the Supreme Court of New Jersey or the New Jersey State Legislature.

9

"knowing omission" occurred when he was "denied corrective action [i.e., PCNA refused to repair or replace his engine for free] because 'goodwill funds are utilized at [PCNA's] discretion and are reserved for individuals who have purchased products new from a franchised retail dealership.'" Id. This argument defies logic.

As plaintiff's Opposition Brief makes evident, he is not claiming that PCNA denied "corrective action" to him and all consumers generally as part of an overarching scheme to suppress knowledge of a defect. Rather, he is contending that PCNA violated the CFA by exercising its discretion not to repair or replace the engine in *his* out-of-warranty used vehicle as part of a wholly optional goodwill program aimed at customers who purchased their vehicles from a "franchised retail dealership." Plaintiff, of course, provides absolutely no legal support for his argument or interpretation of the CFA, much less for the broader principal that a company is legally required under the CFA to make wholly optional goodwill payments to a customer who did not purchase a product from, or enter into a warranty with, that company, but who purchased an out-of-warranty product from an unrelated or unaffiliated seller on the secondary market. See Jacobson v. Ford Motor Co., No. 98 C 742, 1999 U.S. Dist. LEXIS 16213, *17 (N.D. Ill. Sept. 30, 1999) (Gottschall, J.) (rejecting plaintiff's argument that an optional goodwill program constitutes a consumer fraud and explaining that such a program "is a widespread and common customer service practice used not only by automobile

10

manufacturers but also by businesses ranging from neighborhood stores to Fortune 500 companies.").

Another fundamental problem with plaintiff's position is that nowhere in the Amended Complaint does he plead, much less plead with the factual specificity required by Rule 9(b), that PCNA operates its goodwill program in violation of the CFA when the company refuses to offer free repairs to customers who did not purchase their vehicles from PCNA or an authorized dealership.

In short, plaintiff's failure to plead a factually specific or legally supportable allegation of "unlawful conduct" is fatal to his CFA claim.

### 2. Plaintiff's opposition brief does not establish that he pled or actually suffered an ascertainable loss.

Plaintiff claims in his Opposition Brief, again stating no specific facts, that his ascertainable loss is the difference between a "Porsche 911 with a nondefective engine" and a "Porsche 911 with a defective engine[.]"  See Opposition Brief at p. 20.  He then cites paragraphs 3, 4 and 5 of the Amended Complaint.  The problem is, none of these paragraphs contain the words "loss" or "ascertainable loss," much less state the position that plaintiff attempts to take, for the first time, in his Opposition Brief.  Simply put, plaintiff has not pled an ascertainable loss, supported by specific facts, in his Amended Complaint and his CFA claim should be dismissed.  See Solo v. Bed Bath & Beyond, Inc., Civil No. 06-1908 (SRC), 2007 U.S. Dist. LEXIS 31088, *10 (D.N.J. Apr. 26, 2007) (Chesler, J.) ("Under

the CFA, Plaintiff is required to plead specific facts setting forth and defining the ascertainable loss suffered.").

Moreover, plaintiff fails to adequately address this Court's decision in Duffy v. Samsung Electronics America, Inc., Civ. No. 06-5259 (DRD), 2007 U.S. Dist. LEXIS 14792 (D.N.J. Mar. 2, 2007) (Debevoise, J.), which bars his CFA claim as a matter of law.  In an unconvincing attempt to cast Duffy aside, plaintiff merely states, without elaboration, that Duffy is "inapplicable here because Duffy failed to allege a measurable loss."  See Opposition Brief at 21.  Plaintiff again misses the point.  The *reason* why this Court found that Duffy failed to allege an ascertainable loss as a matter of law is because his allegedly defective microwave oven outperformed its limited warranty period.  This is the *very same reason* why the instant plaintiff has not sustained or properly alleged an ascertainable loss; indeed, it is undisputed that by the time he purchased the subject vehicle, its limited new car warranty had long expired.  Therefore, plaintiff's CFA claim should be dismissed with prejudice.  Otherwise, this Court would be unilaterally reviving, rewriting and extending a contractually limited new car warranty beyond its agreed upon terms and beyond the original contracting parties.

### C. Plaintiff's argument that he pled a causal connection between unlawful conduct and an ascertainable loss is moot.

As established above, plaintiff has not sufficiently pled the first two essential elements of CFA claim: unlawful conduct and ascertainable loss. Therefore, as a matter of common sense, the issue of an alleged causal connection between those two elements is a moot point. This conclusion is further supported by Paragraph 41 of the Amended Complaint, which plaintiff block quotes in his Opposition Brief in an attempt to satisfy this element of a CFA claim. Paragraph 41 offers absolutely no explanation of what specific ascertainable loss plaintiff sustained as a result of some allegedly unlawful act by PCNA, much less state a causal link between the two. Indeed, the terms "unlawful conduct" and "ascertainable loss" appear nowhere within that paragraph.

In sum, plaintiff's CFA claim should be dismissed because he has stated no sufficient factual or legal basis to support any element of that cause of action.

## III. CONCLUSION

For the reasons stated above, and for those stated in its Motion to Dismiss, defendant Porsche Cars North America, Inc. respectfully requests that this Court dismiss the Amended Class Action Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: October 19, 2009.

Respectfully submitted,

*/s/ Matthew A. Goldberg*

William F. Kiniry, Jr. (*Pro Hac Vice*)
*william.kiniry@dlapiper.com*
Joseph Kernen
*joseph.kernen@dlapiper.com*
Matthew A. Goldberg
*matthew.goldberg@dlapiper.com*
Eric M. Henry
*eric.henry@dlapiper.com*
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
215-656-3300 (Phone)
215-656-3301 (Fax)

Attorneys for Defendant
Porsche Cars North America, Inc.

## CERTIFICATE OF SERVICE

I certify that on October 19, 2009, a copy of the foregoing Porsche Cars North America, Inc.'s Reply Brief in Support of its Motion to Dismiss the Amended Class Action Complaint and Jury Demand Pursuant to Federal Rule of Civil Procedure 12(b)(6) was served via electronic filing notice upon the following:

>Bruce Heller Nagel, Esquire
>Robert H. Soloman, Esquire
>Andrew Lowe O'Conner, Esquire
>Elliott Louis Pell, Esquire
>Nagel Rice, LLP
>103 Eisenhower Parkway, Suite 201
>Roseland, NJ 07068

_____
Matthew A. Goldberg